IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| DAVID BRUCE SHYROCK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 12-5064-CV-SW-RED |
| | ) | Crim No. 11-5005-01-CR-SW-RED |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Movant David Bruce Shyrock's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

Movant pled guilty, pursuant to a written plea agreement, on October 03, 2011, to Counts One and Two of the Superceding Information. As to Count One, Movant pled guilty to possessing a firearm while being a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). As to Count Two, Movant pled guilty to committing wire fraud, in violation of 18 U.S.C. § 1343. The final PSR was filed with the Court on March 27, 2012, and Movant was sentenced to 100 months imprisonment on Counts One and Two, to be served concurrently.

Movant did not file a direct appeal but instead filed the instant § 2255 motion. In addition, Movant motioned to amend his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 5) on July 25, 2012. On August 1, 2012, this Court ordered that Movant's Motion to amend his Section 2255 Motion to add Ground Four was granted and

that Respondent was to respond to all grounds in its Response (Doc. 6). Accordingly, this Order takes into account all

four grounds asserted by Movant in his Section 2255 Motion (Doc. 1) and his subsequent Motion to Amend (Doc. 5).

**ANALYSIS**

Movant raises four (4) grounds for relief in his Section 2255 Motion. Movant claims: (1) the Court's calculation of his criminal history category under the guidelines was incorrect because the PSR incorrectly added two criminal history points for criminal activity occurring after August 4, 2012; (2) the Court was incorrect in assessing a two-level enhancement for a "sophisticated scheme"; (3) the government violated the terms of the plea agreement when it sought a sentence in excess of 71 to 84 months incarceration; and (4) Movant received ineffective assistance of counsel during sentencing because his attorney failed to object to the government's violation of the plea agreement and then failed to advise him of his right to appeal based on the government's purported violation.

I. **Movant's arguments that the Court incorrectly assessed his criminal history category and incorrectly assessed a two-level enhancement for a "sophisticated scheme" have been procedurally defaulted and are not cognizable under Movant's Section 2255 Motion.**

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a §2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir.

2001).

Here, Movant did not appeal his sentence.  In addition, Movant's first two arguments are not constitutional or jurisdictional issues.  Instead, Movant argues that a nonconstitutional or nonjurisdictional issue in a section 2255 motion.  Even if the Court were to conclude that the alleged errors contained in arguments one and two were constitutional issues, Movant has not established the cause and prejudice to excuse his procedural default.  Movant's only potential argument to show cause for his procedural default is contained in his ineffective assistance of counsel claim.  As discussed below, this claim must fail because at sentencing Movant was advised of his right to appeal and indicated that he understood this right.  Aside, from the assertion that Counsel did not advise him of his right to appeal, Movant has not shown any additional cause for his procedural default.  Accordingly, the Court **DENIES** Movant's Motion insofar as it relies on the above stated grounds.

As the grounds discussed above are procedurally defaulted, the Court will deny the above stated grounds without holding an evidentiary hearing as "the motion and the files and records of the case conclusively show that [Movant] is entitled to no relief."  28 U.S.C. 2255(b); *See also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No [evidentiary] hearing is required where the claim is inadequate on its face or if the record affirmatively refuses the factual assertions upon which it is based.").

**II.    Movant has not shown that the government violated the terms of the plea agreement in seeking a sentence in excess of 71 to 84 months incarceration.**

The third ground Movant raises for vacating, setting aside, or correcting his sentence under section 2255 is that the government violated the terms of the plea agreement by seeking a sentence in excess of 71 to 84 months.  Movant's argument is unsupported by the record and the

3

facts of this case.

As a preliminary matter, it seems as though Movant is mistaken as to the guideline range that was agreed to when he entered the plea agreement with the government. In the plea agreement, and as Movant asserts, the agreed upon offense level was to be 26 before the three point reduction Movant was to receive for taking responsibility for his actions.[1] With a criminal history of five, Movant's sentencing range would have been 84-105 months imprisonment. This number seems to be consistent with what the parties had in mind when the plea agreement was entered into, as is evidenced by Movant's Counsel's arguments at sentencing. Transcript of Sentencing at 5, *United States of America v. Shyrock*, No. 11-5005-RED (W.D. Mo. Apr. 18, 2012) (Movant's Counsel explains that they anticipated that the low-end of the guideline range was 84-months incarceration when entering into the plea agreement.)[2]. Therefore, even if the contemplated guidelines were applied, Movant was still sentenced to a term of incarceration within the guideline range agreed to by Movant and the government.

Next, it is clear from the terms of the agreement that the government did not violate the plea agreement when it sought a sentence in excess of 71 to 84 months incarceration. There are several reasons that the government did not violate the plea agreement in recommending its sentence. First, it was the Probation Office, an entity that was not a party to or bound the plea agreement, that found additional circumstances that supported a change to the guideline range, not the government. Specifically, the Probation Office determined that Movant should receive a

---

[1] The plea agreement did contemplate that the Probation Office or Court may come to a different offense level and that their agreement would not bind the Court.

[2] If the low-end of the guideline was 84-months incarceration, the upper-end of the guideline would be 105-months incarceration. *See* United States Sentencing Guidelines, Sentencing Table (2011).

two-level increase as his role in the offense under the leader-organizer offense level increase. Such a situation was contemplated in Paragraph 8 of the plea agreement which was agreed to by Movant. In addition, the plea agreement states that neither the Court or the Probation Office will be bound by the guideline range contained in the plea agreement. *See* Plea Agreement ¶ 10(h). Since the plea agreement merely set forth the guideline range the parties agreed to and the government did not attempt to change the guideline range, it cannot be said that the government violated the plea agreement by advocating a sentence in the guideline range established by the PSR and agreed to by the Court.

Second, paragraph 10-I of the plea agreement provides that either party is free to advocate for a departure from the guideline range. By including this language in the plea agreement, the government provided itself some flexibility at sentencing to ask for a harsher sentence than what was provided in the guideline without violating the plea agreement. The testimony at sentencing shows, however, that the government did not even need to rely on this provision as it advocated a sentence at the high-end of the sentencing guidelines, not a sentence in excess of the guidelines. In the event the guideline range had not changed, the government still would have been able to advocate for a 125 month sentence because the plea agreement provided for such a scenario. The effect of the parties agreeing to a sentencing range served to prohibit either party from advocating for a lower or higher guideline range, not to prohibit them from advocating for a different sentence.

Since the facts and evidence clearly indicate that the government did not violate it plea agreement with Movant in seeking a sentence in excess of 71-84 months incarceration, the Court **DENIES** the above stated grounds and does so without holding an evidentiary hearing as "the

5

motion and the files and records of the case conclusively show that [Movant] is entitled to no relief." 28 U.S.C. 2255(b); *See also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No [evidentiary] hearing is required where the claim is inadequate on its face or if the record affirmatively refuses the factual assertions upon which it is based.").

### III. Movant did not meet his burden of showing that any deficiency in his counsel's representation rendered his counsel's representation ineffective.

The remainder of Movant's § 2255 Motion is an ineffective assistance of counsel claim. An ineffective assistance of counsel claim requires a petitioner prove his or her counsel's "performance was deficient and that the deficiency prejudiced his defense." *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). Deficient performance is defined as performance that "falls below the 'range of competence demanded of attorneys in criminal cases.' " *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Prejudice requires the petitioner "demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at 447. To support his claim of ineffective assistance of counsel, Movant claims that his attorney's counsel was ineffective because his attorney did not object to the government's violation of the plea agreement and did not advise him of his right to appeal based on the government's violation of the plea agreement. In this case, the facts do not support Movant's claims. In addition, Defendant has not met his burden to be granted relief based on the theory of ineffective assistance of counsel.

The facts of this case do not support Movant's claim that his counsel was deficient. As discussed above, the facts fail to establish that the government violated the plea agreement by recommending a sentence in excess of 71-84 months incarceration. Since the government did

6

not breach the plea agreement it reached with Movant in recommending the above sentence, it follows that Movant's Counsel could not have provided ineffective assistance of counsel by not objecting to the government's recommended sentence. In addition, even if Counsel was ineffective by failing to object, the record shows that not only did Counsel discuss the sentencing issues with the Court but the record also clearly reflects that the Court apprised Movant of his right to appeal, which Movant affirmed that he understood. Transcript of Sentencing at 19, *United States of America v. Shyrock*, No. 11-5005-RED (W.D. Mo. Apr. 18, 2012). Thus, regardless of Movant's current feelings regarding his Counsel's performance, the record reflects that Movant's Counsel's performance did not fall below the range of competence demanded in defending criminal cases nor did any supposed deficiency prejudice Movant because the Court advised Movant of the right to appeal which Movant claims Counsel neglected to advise him.

Second, Movant has not demonstrated that the outcome would have been any different if Counsel would have taken the additional action Movant claims was required. For instance, Movant has not shown how an objection regarding the government's sentencing recommendation would have changed Movant's sentence. As discussed above, it was the Probation Office, not the government that advised the Court that Movant's guideline range should be higher than initially expected or anticipated in the plea agreement. Undoubtedly, this increased sentencing role played a factor in the Court's decision to sentence Movant to a 100-month sentence. In addition, Counsel for Movant even advocated for a sentence at the low end of the guideline, which was 100-months incarceration, the same sentence Movant received. Movant has not shown or even attempted to show how his sentence would have been any different if Counsel would have objected to the government's recommendation. Accordingly, it

7

is clear that Movant has not met the burden of showing a reasonable probability that the outcome would have been different absent the deficient performance.

For the above stated reasons, Movant has not met his burden of showing ineffective assistance of counsel and the Court **DENIES** Movant's request for relief regarding the same. Furthermore, the Court will not conduct an evidentiary hearing on Movant's ineffective assistance of counsel claims, as "the motion and the files and records of the case conclusively show that [Movant] is entitled to no relief." 28 U.S.C. 2255(b); *See also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No [evidentiary] hearing is required where the claim is inadequate on its face or if the record affirmatively refuses the factual assertions upon which it is based.").

**IV.     The Court will not grant a certificate of appealability on any claim.**

The final issue is whether the Court should grant or deny a certificate of appealability. If a § 2255 Motion is denied on procedural grounds, a certificate of appealability should be granted only if the petitioner can show both " 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). *See also Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008) (applying this standard in a § 2255 action). In this case, Movant has not shown a denial of a Constitutional right or that any issue raised is debatable among jurists of reason. Therefore, the Court will not issue a certificate of appealability on any ground.

**CONCLUSION**

For the above reasons, Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

The Clerk of the Court is directed to mail a copy of this Order via certified mail to, return receipt requested, David Bruce Shyrock, #23126-045, Forrest City Low, Inmate Mail/Parcels, P.O. Box. 9000, Forrest City, AR 72336.

**IT IS SO ORDERED**.

DATED: February 13, 2013 */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT